UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH EDWARD ELCOCK,<br><br>      Petitioner,<br><br>v.<br><br>KEITH YORDY,[1]<br><br>      Respondent. | Case No. 1:14-cv-00524-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Kenneth Edward Elcock's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal. (Dkt. 15.) Petitioner has filed a response to the Motion, and Respondent has filed a Reply. (Dkt. 18, 19.) Petitioner has also filed an "Answer to State's Reply Summary Dismissal and Motion to Amend Facts and Add Evidence in Prayer for Relief." (Dkt. 20.) This document includes argument that the Court construes as (1) a request for leave to amend

---

[1] Petitioner has also named the "State of Idaho" as a Respondent. However, the state of Idaho is not an appropriate respondent in this habeas corpus action. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994), as amended (May 18, 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated." (internal citations omitted)).

**MEMORANDUM DECISION AND ORDER - 1**

the Petition, (2) a request for an evidentiary hearing on Petitioner's actual innocence gateway claim, and (3) an unauthorized sur-reply.[2]

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 13.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing all of Petitioner's claims with prejudice as procedurally defaulted.

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on May 15, 2015. (Dkt. 16.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Elcock v. State*, Case No. 41195, Op. 613 (Idaho Ct. App. July 9, 2014) (unpublished), which is contained in the record at State's Lodging H-3:

> In the early morning hours of April 15, 2006, [Petitioner] and two companions arrived at an apartment building where a man with whom they had a dispute was throwing a party. Upon arrival, [Petitioner] approached the man, pointed a gun at his face, and pulled the trigger. The gun did not fire and the man ran for cover in his apartment. After cocking the gun, [Petitioner] fired several shots through the

---

[2] Although Petitioner's sur-reply is improper (*see* Dkt. 7 at 7; D. Idaho Loc. Civ. R. 7.1), the Court will deny Respondent's Motion to Strike (Dkt. 21) because Petitioner is proceeding pro se.

**MEMORANDUM DECISION AND ORDER - 2**

>     plate glass window of the man's apartment, injuring three
>     individuals and killing a fourteen-year-old girl.

(State's Lodging H-3 at 1.)

Petitioner was charged in the Fourth Judicial District in Ada County, Idaho, with one count of first-degree murder, three counts of aggravated battery, one count of unlawful discharge of a firearm, one count of aggravated assault, and a sentencing enhancement for use of a firearm during the commission of a crime. (State's Lodging H-3 at 1-2.) Pursuant to a plea agreement, Petitioner pleaded guilty to one count of second-degree murder, three counts of aggravated battery, and one count of aggravated assault; the rest of the charges were dismissed. (*Id*. at 2.) Petitioner was sentenced to life in prison with 40 years fixed for the murder conviction, concurrent 15-year fixed terms for each count of aggravated battery, and a concurrent 5-year fixed term for the aggravated assault conviction. (*Id*.)

On direct appeal, Petitioner argued only that the trial court abused its discretion, under Idaho state law, in determining Petitioner's sentence. (State's Lodging B-1, B-3). The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-3, B-7.)

While Petitioner's direct appeal was pending, he filed a state postconviction petition. (State's Lodging E-1 at 5-22.) Petitioner argued that his trial counsel rendered ineffective assistance with respect to the plea agreement and that the state breached the plea agreement. (*Id.* at 6.) The trial court construed Petitioner's later filings as asserting the following additional claims: (1) Petitioner's murder conviction was not supported by

**MEMORANDUM DECISION AND ORDER - 3**

the evidence "because petitioner had no intent to kill"; (2) his aggravated battery convictions were not supported by the evidence, again because Petitioner lacked the requisite intent; (3) he received ineffective assistance of trial counsel based on a conflict of interest and on counsel's absence during a psychological evaluation and the presentence investigation; (4) his guilty plea was invalid because he was depressed and was taking psychotropic medications at the time he entered his plea; (5) he was deprived of due process and equal protection and that he did not intend to kill anyone; (6) the presentence report contained incorrect information; (7) the trial court falsely labeled Petitioner a gang member; and (8) Petitioner suffered discrimination based on his race. (*Id.* at 40-46, 118-24; E-2 at 247-57.)

The state district court denied Petitioner's postconviction petition on the grounds that all of his claims were frivolous. (State's Lodging E-2 at 288.) Petitioner appealed, and the Idaho Court of Appeals affirmed. (State's Lodging F-4.) That court issued its remittitur after Petitioner failed to file a timely petition for review with the Idaho Supreme Court. (State's Lodging F-5.) After the remittitur issued, Petitioner attempted to file a late petition for review. (State's Lodging F-6, F-7.) The Idaho Supreme Court denied the petition for review as untimely. (State's Lodging F-8.)

Petitioner then filed a motion to withdraw his guilty plea in the underlying criminal case pursuant to Idaho Criminal Rule 33(c), asserting many of the same claims that Petitioner had raised in his state postconviction petition. (State's Lodging C-1 at 8-16.) The state district court denied the motion, and Petitioner appealed. The Idaho Court of Appeals affirmed, holding that the trial court lacked jurisdiction to consider the Rule

**MEMORANDUM DECISION AND ORDER - 4**

33(c) motion because Petitioner's conviction had already become final at the time the motion was filed. (State's Lodging D-4.) Petitioner did not file a petition for review, and the court of appeals issued its remittitur. (State's Loding D-5.)

Petitioner then returned to the state district court and filed a successive petition for postconviction relief. (State's Lodging G-1 at 4-6.) In the main, Petitioner reasserted claims similar to those he had included in his initial postconviction petition and motion to withdraw the plea, though some of his allegations were new. Petitioner requested counsel, but the court did not rule on that request. The court dismissed the case as a successive postconviction petition filed without "sufficient reason," as required by the Idaho Uniform Postconviction Procedures Act, *see* Idaho Code § 19-4908. (*Id*. at 248-49.)

Petitioner appealed the dismissal of his successive postconviction petition. In his appellate brief, Petitioner listed five main claims, each of which contained sub-claims, as "questions before the court." (State's Lodging H-1 at 1.) However, instead of supporting these claims with argument and authority, the two-page body of Petitioner's brief specifically argued only that the district court should have appointed counsel to represent Petitioner in the successive postconviction proceedings. (*Id*. at 3.) The remainder of Petitioner's opening brief was made up entirely of exhibits. (*See* State's Lodging H-3 at 3 ("[Petitioner's] argument on appeal comprises two pages of appellate brief preceding a plethora of miscellaneous attachments.").)

The Idaho Court of Appeals addressed Petitioner's claim that he should have been appointed counsel, identifying that claim as Petitioner's "only allegation of error

**MEMORANDUM DECISION AND ORDER - 5**

committed by the district court in summarily dismissing his successive petition." (*Id*.) The court of appeals determined that, although the district court should have ruled on the Petitioner's request for counsel, Petitioner was not entitled to counsel because his petition failed to raise the possibility of a valid claim. (*Id*. at 4-7.) The court declined to address any other issues raised in Petitioner's brief because he failed to support his claims with argument and authority, and therefore those issues were deemed waived. (*Id*. at 3-4.) The Idaho Court of Appeals denied Petitioner's petition for hearing, and the Idaho Supreme Court denied his petition for review. (State's Lodging H-5, H-6.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

1) Actual innocence of the crimes of conviction.

2) Denial of due process. Petitioner claims that (a) there was insufficient evidence to support a conviction for murder in the second degree, and (b) his guilty plea was not knowing and voluntary because he was not advised that intent was an element of the crime of second degree murder.

3) Inadequate factual basis to support the convictions of aggravated battery and aggravated assault.

4) Ineffective assistance of trial counsel based on (a) conflict of interest, (b) counsel's failure to adequately argue for a reduced sentence, (c) counsel's praise of a "false" pre-sentence investigation report, and (d) counsel's failure to represent Petitioner in every aspect of his defense.

5) Ineffective assistance of trial counsel based on counsel's absence from a psychological evaluation and failure to review that evaluation with Petitioner.

6) Ineffective assistance of trial counsel based on counsel's failure to participate in the pre-sentence investigation or to

**MEMORANDUM DECISION AND ORDER - 6**

        review the pre-sentence investigation report with Petitioner.

7) Ineffective assistance of trial counsel based on counsel's (a) failure to review discovery, (b) failure to investigate the witnesses or physical evidence, (c) failure to explain the law or the elements of the offenses to Petitioner, and (d) coercive statement to Petitioner that if Petitioner did not plead guilty, the state would seek the death penalty.

8) Invalid guilty plea.

9) Due process and equal protection violations based on trial counsel's statements inducing Petitioner to plead guilty, as well as counsel's conduct in failing to call witnesses or to investigate the case and in taking advantage of Petitioner while he was on psychotropic medication.

10) Denial of due process based on the trial court's false labeling of Petitioner as a gang member.

11) Denial of due process based on discrimination, racial profiling, a biased judge, and prosecutorial "insinuations" about gang activity.

12) Cumulative error based on counsel's ineffective assistance.

(*See* Dkt. 3.)

## PETITIONER'S REQUEST FOR LEAVE TO AMEND

In his Answer to State's Reply Summary Dismissal and Motion to Amend Facts and Add Evidence (Dkt. 20), Petitioner reasserts that he is actually innocent of the crimes to which he pleaded guilty. Petitioner offers an affidavit from Tasha Grant, who states that Petitioner did not fire the gun the night of the murder and that she saw Petitioner "on the ground when the shooting took place." (Dkt. 18-1 at 1.) This witness states that she did not come forward earlier because she "was in fear of [her] life." (*Id*.) The Court has considered the affidavit of Tasha Grant, as well as all of Petitioner's submissions, and

**MEMORANDUM DECISION AND ORDER - 7**

will address Petitioner's actual innocence claim—as well as his request for an evidentiary hearing on that claim—below.

To the extent Petitioner requests leave to amend his Petition, the request will be denied. An application for habeas relief may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 governs the amendment of civil pleadings. Pursuant to Rule 15(a)(1), a party may amend a pleading once "as a matter of course" within either (A) 21 days after serving the pleading; or, (B) if the amended pleading requires a responsive pleading to be filed thereafter, within the earlier of 21 days after service of a responsive pleading or a Rule 12(b), (e), or (f) motion. Any other amended pleadings cannot be filed absent written consent of the opposing party or leave of court, though "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although public policy favors amendment, a court retains the discretion to deny leave to amend after considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). These factors need not be given equal weight, and futility of the amendment alone may justify the denial of the request. *Id.*

In a habeas case that has been initiated after the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), a request for leave to amend must also be construed in light the provisions and policies of AEDPA, which is designed to promote finality, comity, and federalism. *Michael Williams v. Taylor*, 529 U.S. 420, 436 (2000).

**MEMORANDUM DECISION AND ORDER - 8**

In particular, to advance the finality of judgments, Congress included a one-year statute of limitations in AEDPA, see 28 U.S.C. § 2244(d), and an amended habeas claim that has been tendered after the expiration of AEDPA's statute of limitations will relate back to the initial filing date only when it is "tied to a common core of operative facts" in the original pleading, *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (construing the interplay between AEDPA and Federal Rule of Civil Procedure 15(c)).

The Court concludes that the factors identified in *Bonin v. Calderon* weigh against allowing Petitioner to file an amended petition. There is no specific evidence that Petitioner has requested leave to amend in bad faith. However, the Petition in this matter was filed nearly over a year ago, and Petitioner has not given a satisfactory explanation for the delay in seeking amendment. Moreover, Respondent has fully briefed the procedural default issues implicated in this matter and would be prejudiced if he were required to begin the process all over again for any new claims Petitioner might wish to bring. Finally, Petitioner has not explained how he would further amend the Amended Petition other than to assert his innocence—which will be addressed below in the context of the Court's procedural default analysis. Further, in light of the Court's analysis of procedural default issue as set forth below, the Court concludes that further amendment would be futile.

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

1. **Standard of Law Governing Summary Dismissal**

Rule 4 of the Habeas Rules authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears

**MEMORANDUM DECISION AND ORDER - 9**

from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Respondent's Motion for Summary Dismissal asserts that all of Petitioner's claims are procedurally defaulted.

**2.     Standard of Law Governing Procedural Default**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court

**MEMORANDUM DECISION AND ORDER - 10**

by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman*, 501 U.S. at 750.

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

3.      **Petitioner's Claims Are Procedurally Defaulted**

The simplest manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings, through the level of the Idaho Supreme Court.

**MEMORANDUM DECISION AND ORDER - 11**

The only claim raised by Petitioner on direct appeal was that his sentence was excessive under Idaho law. Petitioner has not included this claim in his Petition, and any such claim—alleging a violation of state law—would be noncognizable on federal habeas corpus review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

On appeal from denial of his initial postconviction petition, Petitioner raised numerous claims. However, after the Idaho Court of Appeals affirmed, Petitioner did not file a timely petition for review with the Idaho Supreme Court. When Petitioner attempted to file a late petition, the Idaho Supreme Court denied it as untimely. (State's Lodging F-6, F-7, F-8.)

Respondent has sufficiently shown that the Idaho Supreme Court's denial of the petition for review on timeliness grounds was based on an adequate and independent state procedural bar. Idaho Appellate Rule 118 requires that a petition for review be submitted to the Idaho Supreme Court within 21 days of the Idaho Court of Appeals' decision. Petitioner has not established that the 21-day time period in Rule 118 was not clear, consistently applied, or well-established at the time he submitted his untimely petition for review. *See Martinez*, 266 F.3d at 1093-94. Therefore, Petitioner did not properly raise to the Idaho Supreme Court any of the claims he asserted in his initial postconviction proceedings.

Similarly, none of the claims Petitioner included in his motion to withdraw his plea were properly raised and addressed on the merits through the highest level of state appellate review. First, the Idaho Court of Appeals applied an adequate and independent

MEMORANDUM DECISION AND ORDER - 12

procedural rule—that a trial court lacks jurisdiction to entertain a motion to withdraw a plea after the conviction has become final—in affirming the denial of the motion. (State's Lodging D-4 at 1-2, citing *State v. Jakoski*, 79 P.3d 711, 714 (Idaho 2003).) Second, Petitioner did not petition the Idaho Supreme Court to review the decision of the Idaho Court of Appeals. Thus, all of the claims in Petitioner's motion to withdraw his guilty plea are procedurally defaulted.

On appeal from the dismissal of his successive postconviction petition, the Idaho Court of Appeals concluded that Petitioner had forfeited all of his claims, other than his claim that counsel should have been appointed to represent him, by failing to support them with argument and authority. (State's Lodging H-3.) This rule—that insufficiently-supported arguments are deemed waived by the Idaho appellate courts—has been held to be an adequate and independent state procedural bar. *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Thus, the only claim that Petitioner properly exhausted during his successive postconviction proceedings was that the state court should have granted his request for counsel, a claim which asserts a state law violation and thus is not cognizable on federal habeas review. *See Lewis*, 497 U.S. at 780.

For these reasons, all of Petitioner's habeas claims are procedurally defaulted.

4.  **Petitioner Is Not Entitled to an Evidentiary Hearing on His Actual Innocence Gateway Argument and Has Not Established an Excuse to the Procedural Default of His Claims**

The Court's conclusion that Petitioner's claims are procedurally defaulted does not end the inquiry. If a petitioner's claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing

**MEMORANDUM DECISION AND ORDER - 13**

of adequate legal cause for the default and prejudice arising from the default, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991), or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

Petitioner does not argue that cause and prejudice exist to excuse the procedural default of his claims. Rather, he claims that he is actually innocent and requests an evidentiary hearing on that issue. (Dkt. 18, 20.) Although a freestanding claim of actual innocence is not cognizable on collateral review in a noncapital federal habeas corpus action, a habeas petitioner may avoid a procedural default bar by making a credible showing of actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

It is not entirely clear whether a petitioner can assert actual innocence in a case in which the petitioner pleaded guilty. *Compare Bousley v. United States*, 523 U.S. 614, 623 (1998) (discussing the actual innocence gateway in a case, under 28 U.S.C. § 2255, where the petitioner pleaded guilty, and stating that a procedurally barred claim "may still be reviewed in this collateral proceeding if [petitioner] can establish that the

**MEMORANDUM DECISION AND ORDER - 14**

constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent.") (internal quotation marks omitted), *with Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas."). However, the Court assumes, without deciding, that a petitioner who pleaded guilty in his underlying state criminal case may still assert actual innocence as an exception to the procedural default bar.

Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage of justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653

**MEMORANDUM DECISION AND ORDER - 15**

F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

When a district court is considering whether to hold an evidentiary hearing on an actual innocence claim, it has the discretion to assess the reliability and probative force of the petitioner's proffer, including making some credibility determinations, if necessary. *Schlup*, 513 U.S. at 331-332. Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

After carefully reviewing the record, the Court determines that Petitioner's submissions do not meet the extraordinarily high standard of showing that it is more likely than not that every reasonable juror would have found Petitioner not guilty. *See Avery*, 719 F.3d at 1083. Though Petitioner has submitted an eyewitness account and claims that he blacked out during the crime, the witness's account and Petitioner's self-serving claims simply do not include sufficient indicia of trustworthiness to warrant an

**MEMORANDUM DECISION AND ORDER - 16**

evidentiary hearing on the miscarriage of justice exception to procedural default; Petitioner has not raised even a colorable claim of actual innocence.

## CONCLUSION

All of Petitioner's habeas claims are procedurally defaulted, and he has not established an excuse for the default. Therefore, the Court must dismiss the Petition with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Answer or Pre-Answer Motion (Dkt. 14) is GRANTED.

2. Petitioner's Answer to State's Reply Summary Dismissal and Motion to Amend Facts and Add Evidence in Prayer for Relief (Dkt. 20) is GRANTED IN PART, to the extent that the Court has reviewed and considered the arguments contained therein. The Motion is denied in all other respects.

3. Respondent's Motion to Strike (Dkt. 21) is DENIED.

4. Respondent's Motion for Summary Dismissal (Dkt. 15) is GRANTED, and the Petition is DISMISSED with prejudice.

5. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a

**MEMORANDUM DECISION AND ORDER - 17**

certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: December 9, 2015

Honorable Candy W. Dale
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 18